AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br>Sergio Alejandro Gallegos<br><br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>)<br>) | **SEALED**<br>Case No. 7:18 mj 2437 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **24 April 2017** in the county of **Hidalgo** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 846 | Conspiracy to possess with the intent to distribute more than 500 grams of cocaine |

This criminal complaint is based on these facts:

See Attachment A.

☑ Continued on the attached sheet.

_Complainant's signature_

Jordan D. Gula, FBI Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 11/29/18 — 5:27 p.h.

_Judge's signature_

City and state: **McAllen, Texas**    Hon. Juan F. Alanis, U.S. Magistrate Judge
_Printed name and title_

## Attachment A

I, Jordan D. Gula, being duly sworn, state as follows:

1. I, Jordan D. Gula, am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) in McAllen, Texas, and have been so employed since January 2016. I am currently assigned to the Rio Grande Valley Violent Crime Task Force in McAllen, Texas. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other FBI agents and/or law enforcement officers in Hidalgo County and witnesses, all of whom I believe to be truthful and reliable. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3. Based on my training and experience, I believe there is probable cause that SERGIO ALEJANDRO TOVAR also known as "Tovy" (hereafter TOVAR), committed violations of and Title 21 United States Code Section 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) when he conspired to engage in a home invasion style robbery to steal multiple kilograms of cocaine from a residence in San Juan, Texas on April 24, 2017 (hereinafter "the San Juan residence").

4. Cooperating Defendant 1 (hereinafter "CD1"), Cooperating Defendant 2 (hereinafter "CD2"), and Cooperating Defendant 3 (hereinafter "CD3"), stated TOVAR conspired with others during the San Juan home invasion by agreeing to and actually conducting vehicle surveillance on behalf of other co-conspirators conducting the home invasion to steal kilograms of cocaine. CD1 and CD3 have also stated that TOVAR was on a multi-party call utilized by multiple

co-conspirators during the home invasion in order to provide real-time information regarding law enforcement and the coordination of the home invasion.

5. Following the home invasion robbery, CD1 and CD3 stated they went to a residence and observed multiple bricks of cocaine which was taken during the course of the criminal event. CD3 stated he was told co-conspirators obtained a backpack containing multiple kilograms of cocaine from underneath a bed at the San Juan residence.

6. Cooperating Defendant 4 ("CD4") and Cooperating Defendant ("CD5") have also admitted to their involvement in the home invasion. CD1, CD2, CD3, CD4 and CD5 all admitted that multiple kilograms of cocaine were taken from the residence. CD2 and CD5 admitted to entering the San Juan residence and with other co-conspirators and described two minor children, including one with disabilities, who were present during the home invasion. CD2 and CD5 admitted that one of the minor children was assaulted and threatened by the firearms in the co-conspirators possession while co-conspirators stole the kilograms of cocaine in the residence.

7. This information is known to CD1, CD2, CD3, CD4, and CD5 because they have admitted to being participants and co-conspirators in the home invasion. Each of the cooperating defendants stated that the co-conspirators, including TOVAR, agreed to conduct the home invasion to steal kilograms of cocaine concealed in the San Juan residence. CD1, CD2, CD3, and Cooperating Defendant 6 ("CD6") have all stated that TOVAR also went by the nickname "Tovy."

8. During the course of the investigation, Agents observed that in two cellular phones belonging to Cooperating Defendant 7 ("CD7") and Cooperating Defendant ("CD8") contacts saved as "Tovy" and "Tv" corresponding to a specific telephone number (hereinafter referred to as the "Tovar Number"). CD7 also admitted to being involved in the home invasion at the San Juan residence as well as other home invasions and carjackings with some of the individuals

referenced in paragraph 7. CD8 admitted to being involved in other home invasions and carjackings with some of the individuals referenced in paragraph 7.

9. Agents have obtained tower records from the towers providing service to the address of the San Juan home invasion. During a review of the records, agents identified that the Tovar Number accessed one of the telephone network towers which provides service to the address of the San Juan home invasion at or near the time of the home invasion, thereby indicating the presence of the telephone associated to the Tovar Number at or near the location of the home invasion.

10. Your affiant believes the statements made by CD1, CD2, CD3, CD4, CD5, CD6, and CD7 are truthful and reliable as these statements have been corroborated by law enforcement reporting, toll analysis, and debriefings of multiple other co-conspirators. CD1, CD2, CD3, CD5, CD6, CD7, and CD8 have also detailed their involvement in other home invasion and carjacking events designed to steal controlled substance that were corroborated by law enforcement reporting.